IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No: 23-CR-111 (RCL)** |
| v. | : | |
| | : | **The Honorable Royce C. Lamberth** |
| **SHERON SPANN,** | : | |
| | : | **Sentencing Date: September 21, 2023** |
| | : | |
| **Defendant.** | : | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Sheron Spann entered a pre-indictment guilty plea to a felony information charging her with one count of violating the federal conflict of interest statute (18 U.S.C. § 208). Ms. Spann agrees with the statement of offense as set forth in the statement of facts. In sum, the violation occurred when Ms. Spann began working in the Contracting Office at the Office of Personnel management (OPM) and her husband had subcontracts with entities that had contracts with OPM, including a company that she recommended to the government. She also served as the point of contact on the contract. Ms. Spann promptly recognized and accepted responsibility for her conflict-of-interest violation through her pre-indictment plea, which spared the Government the need to seek a Grand Jury indictment and prepare for trial.

Ms. Spann now will appear before the Court to be sentenced. Ms. Spann is 55 years old, and this case represents her sole contact with the criminal justice system. As shown below and in the collection of letters that have been submitted to the Court on Ms. Spann's behalf, *see* Attachment A, her actions are fundamentally inconsistent with the honorable way that Ms. Spann has conducted her life, a life that has been devoted to family, her church and good works. The universal message of those who have written to the Court supports the notion that Ms. Spann is a

person of good character. We respectfully submit that a probationary sentence, which is within the applicable advisory Sentencing Guidelines range, is "sufficient but not greater than necessary" to serve the purposes of federal sentencing when one considers the nature and circumstances of Ms. Spann's offense.

I.   **The Advisory Sentencing Guidelines Range**

As the Presentence Investigation Report reflects, the advisory Sentencing Guidelines range applicable to Ms. Spann's offense is zero to 6 months and allows for a sentence of probation. Section 2C1.3 of the Sentencing Guidelines imposes a base offense level of 6. After applying a four-level enhancement for harm to the government and a two-level downward adjustment for acceptance of responsibility, Ms. Spann's total offense level is 8. Ms. Spann's lack of a criminal record places her in Criminal History Category I. The resulting advisory Guidelines range is 0 to 6 months, and Ms. Spann is statutorily eligible for a sentence of one to five years' probation. *See* 18 U.S.C. § 3561.

II.  **The Other § 3553 Factors**

In the post-*Booker* era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. § 3553(a) and "impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires district courts to consider the following factors (in

addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553(a)(1)-(7). For the reasons that follow, we respectfully submit these purposes and factors all weigh in favor of a sentence of probation for Ms. Spann.

      A.    *The Nature and Circumstances of Ms. Spann's Offense*

Through her pre-indictment guilty plea, Ms. Spann has accepted full responsibility for the conflict-of-interest violation that she committed and agrees with the statement of offense. Ms. Spann's husband was a Vice President at an entity known as Enlightened. After she began working at OPM, Ms. Spann recommended to a colleague that Enlightened be invited to bid on a government contract. At the time, Ms. Spann's husband was a subcontractor for Enlightened. She did not disclose the nature or extent of her connections and financial benefits with Enlightened with OPM. Likewise, while she was supervising the award of contracts at OPM, Ms. Spann's husband had responded to a proposal on behalf of a contractor with the understanding that he would act as a subcontractor.

As a government servant, Ms. Spann understands that she violated the ethical duties of her office. She feels profound remorse for her actions. Ms. Spann has been a law-abiding citizen throughout her life. She realizes the harm that she has caused herself, her family and the government.

      B.    *The History and Characteristics of Ms. Spann*

The history and personal characteristics of Ms. Spann also strongly support a sentence of probation. Ms. Spann was born in Washington, D.C. Her parents divorced when she was about three years old. She has had a good relationship with both of her supportive parents. Her father moved from the metropolitan area when she was about 10 years old. Both of her parents remarried and have played a vital and important role in Ms. Spann's entire life.

Ms. Spann graduated from Coolidge High school in Washington D.C. before graduating from the University of Baltimore in 1992. In 2000, she graduated with a M.A. in Financial Management from The Catholic University. Between 1992 and 2007, Ms. Spann had a career as a contract administrator in the private sector before transitioning to government service in 2007. She resigned from her position at OPM on March 31, 2023.

Ms. Spann met Thomas Spann in 1987 and they were married in 1996. The couple has two daughters that are attending college. The family resides in Washington, D.C. Throughout her entire life, Ms. Spann has been a devoted member of her church and extremely involved in community activities. She has no criminal history and is truly remorseful for her actions.

To provide the Court with valuable insight into Ms. Spann's background and character, family members and friends have written letters for the Court's consideration. *See* Letters Attached as Attachment A. The letters aptly describe Ms. Spann as a devoted wife and mother, who is compassionate, hardworking, and good-natured.

Thomas Spann, Ms. Spann's husband, credits his wife for being a role model for the couple's two daughters and helping them transform into successful college students. Mr. Spann and his wife have been married for more than 27 years and have known one another since 1987.

He describes her as a woman of faith, who plays a vital role as a deaconess in their church. She is a loving daughter who has been compassionately caring for her mother since the death of her stepfather and is providing care for her elderly father who is suffering from dementia.

Ms. Spann's daughters attest that their mother is kind and community minded, spending time volunteering at community activities and at their church. Both daughters see their mother as a role model and as a pillar of support.

Ms. Spann's mother-in-law, Judy Spann, illustrates that Ms. Spann cares deeply for family and friends. She takes care of relatives facing significant medical issues and provides support when people need her most. She has been a great example to her granddaughter and taught them to set goals in life.

Reverend Dr. Frank D. Tucker has known Ms. Spann since 1996. Ms. Spann serves as a Deaconess in the church. He describes Ms. Spann as a "sincere, dependable, and trustworthy member of our faith community." He emphasizes that "she is a person of good moral character, and most certainly a woman that can still love and serve humanity and offer God's love and teachings to her family, friends, and her community."

Ms. Spann's mother, Athelia Hagins, has seen her daughter grow up to be a caring and responsible family member and community member. She notes that her daughter has been putting the needs of others over herself since she was a young girl. She writes, "Sheron has always been willing to share whatever she had if someone needed it. As a child there were times she would come inside from playing without her sweater, hat, or gloves, and when I asked her what happened to it, she would respond that someone did not have one and since she had more than one she gave hers away."

Ms. Spann knows that her actions can never be erased. She will always be burdened by the regret and shame she has caused. Ms. Spann's actions have ended a lengthy career of government service and have impacted herself and her family. She is resolute in her desire to improve as a person and to redeem herself by continuing to help others by engaging in her community and church. In light of the foregoing, we ask the Court to deem her history and personal characteristics as factors weighing in favor of a probationary sentence.

      C.    *The Need to Avoid Unwanted Sentence Disparities Between Similarly-Situated Defendants*

Another statutory factor that weighs in favor of a probationary sentence for Ms. Spann is the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). A probationary sentence is a sentence within the advisory sentencing guideline range for similarly situated individuals. As such, a guidelines compliant sentence would not result in a sentencing disparity.

      D.    *The Purposes of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Ms. Spann respectfully asks the Court to sentence her to a period of probation.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Ms. Spann understands that she has pled guilty to a serious felony offense. She is ashamed of her lapse of judgment. Appearing before a federal court for sentencing is not a place that she ever imagined he would be at any point in her life. In deciding the type of sentence that will provide "just punishment" for Ms. Spann's offense, the Court can consider the many other forms of

punishment that Ms. Spann has and will continue to experience as a result of her conviction. Ms. Spann has resigned from her job. It is unlikely that she will find work in the private sector given her criminal record and the circumstances of her offense. Similarly, Ms. Spann will be unable to work for any governmental agency. Perhaps most devastatingly, Ms. Spann's public reputation has been permanently tarnished by this criminal case. Ms. Spann has had to admit to her family, church members and her community that she committed a felony.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Ms. Spann's permanent conviction will provide more than adequate deterrence for her and the community at large without the need for incarceration. Ms. Spann is as deterred from future criminal activity as any individual could be. She has lost her reputation, squandered her career and has confronted the possibility of losing her liberty for some period of time. The Court can be assured that Ms. Spann will not commit further crimes. With respect to the community at large, Ms. Spann's felony conviction, standing alone, will send a clear message to others in government service that ethical rules must be followed scrupulously and that serious criminal consequences will follow for those who disregard them. The deterrence message that flows from Ms. Spann's conviction is particularly powerful, because the Government already has publicized Ms. Spann's guilty plea and offense conduct through a press release issued on May 19, 2023 and has appeared in news stories. A strong message of general deterrence has been sent.

The third purpose of federal sentencing is "to protect the public from further crimes of the defendant." As already noted, this case is Ms. Spann's first contact with the criminal justice system and was costly for her. Outside of this matter, she has been a law-abiding citizen throughout her life. She will continue to be a law-abiding citizen after she is sentenced and presents no danger of recidivism.

In conclusion, Ms. Spann stands before the Court with deep remorse. She is a woman of fundamental integrity who made a serious error. In imposing a sentence, Ms. Spann asks the Court to consider her positive contributions to her family and community over the years, her significant remorse for her conduct, and the myriad ways in which she will suffer as a result of poor choices. In these circumstances, we respectfully submit that a probationary sentence is fully consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

**Conclusion**

Based on these reasons and any others that may appear to the Court, Ms. Spann respectfully submits that a sentence of probation is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____/s/_____
DANNY ONORATO (D.C. Bar #480043)
Schertler, Onorato Mead and Sears
555 13th St, NW
Suite 500 West
Washington, D.C. 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
Email: donorato@schertlerlaw.com

*Counsel for Defendant Sheron Spann*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of September 2023, I served a copy of the foregoing via ECF to :

Elizabeth Ann Aloi
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia

_____/s/_____
Danny Onorato